UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:

KEVIN MICHAEL WILSON and
HOLLY KATHERINE WILSON,                    Case No. 06-21490
                                           Chapter 7 Proceeding
            Debtor.                        Hon. Daniel S. Opperman
_____/
KAREN EVANGELISTA,
Chapter 7 Trustee,

        Plaintiff,

v.                                         Adv. Proc. No. 08-2052

PAUL WILSON,

        Defendant.
_____/

## OPINION GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

        Before the Court is the Motion of Karen E. Evangelista, Chapter 7 Trustee and Plaintiff

in this Adversary Proceeding, which was filed to recover a post-petition transfer pursuant to 11

U.S.C. § 549.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and

157(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the

administration of the estate).

Facts

        The following facts are undisputed.  Debtors Kevin and Holly Wilson filed a Chapter 13

bankruptcy petition on September 6, 2006.  An order confirming their Chapter 13 Plan was

entered on November 19, 2006.  The confirmed Plan did not require the Debtors to pay any

future tax refunds to the Chapter 13 Trustee.  Subsequently, Debtors' case converted to a

Chapter 7 case on August 31, 2007.  The Chapter 7 Trustee conducted the Section 341 Meeting

1

of Creditors on October 10, 2007. At the Section 341 Meeting of Creditors, it is undisputed that

Debtors testified that they received a refund for the 2006 tax year after confirmation of their

Chapter 13 Plan and before their case converted to Chapter 7. The Debtors also testified that

they repaid certain pre-petition loans made to the Debtors by several family members, including

Paul Wilson, the father of Debtor Kevin Wilson. The 2006 tax refund was the source of funds

used by the Debtors to repay these pre-petition loans. The Trustee commenced this adversary

proceeding on May 9, 2008, seeking return of the post-petition transfer to Paul Wilson.

Defendant Paul Wilson answered the Complaint, admitting he received the sum of $900.00 after

Debtors' Chapter 13 bankruptcy case was filed, but before the case was converted to Chapter 7.

<u>Plaintiffs' Summary Judgment Motion and Defendant's Response</u>

In her Summary Judgment Motion, Plaintiff argues that there is no genuine issue of

material fact in this case and that she is entitled to judgment in the amount of $900.00 as a matter

of law as Defendant has admitted he received $900.00 from Debtor Kevin Wilson post-petition.

Defendant responds that the $900.00 should not be considered property of the estate, as it was

part of the 2006 tax refund, and because by the time it was paid to Defendant, the Chapter 13

Plan had been confirmed, and Paragraph 4(E) of the confirmed plan vested all tax refunds in the

Debtors. Thus, Defendant argues that because the $900 was not property of the estate, it cannot

be avoided as a post-petition transfer under 11 U.S.C. § 549.

<u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy

adversary proceedings by Fed. R. Bankr. P. 7056. Rule 56(c) provides that summary judgment

is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." The moving party bears the

burden of showing the absence of a genuine issue of material fact as to an essential element of

the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989)

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  The

burden then shifts to the nonmoving party once the moving party has met its burden, and the

nonmoving party must then establish that a genuine issue of material fact does indeed exist.

*Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).  In other

words, summary judgment may be appropriately granted where the issues in a particular case

involve solely the application of law to undisputed facts.  *Choate v. Landis Tool Co.*, 486 F.

Supp. 774 (E.D. Mich. 1980).

<u>Analysis</u>

Section 549 of the Bankruptcy Code states:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may
avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2) (A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

Thus, a prerequisite to the instant action is that the post-petition transfer of property be property

of the estate.

As to what constitutes property of the estate in a case converted from Chapter 13 to

Chapter 7, Section 348 of the Bankruptcy Code, entitled, "Effect of Conversion," is instructive.

Sub-subsection (f)(1)(A) states:

(f) (1) Except as provided in paragraph (2), when a case under chapter 13 of this
title is converted to a case under another chapter under this title—

(A) property of the estate in the converted case shall consist of property of the
estate, as of the date of filing of the petition, that remains in the possession of or
is under the control of the debtor on the date of conversion;

Thus, it is the date of filing of the petition that is relevant for the determination as to what constitutes property of the estate, not the facts as they existed post-confirmation, but pre-conversion as Defendant argues.[1]  On the date of the bankruptcy filing, September 6, 2006, the Debtors were entitled to a pro rata portion of their 2006 tax refund.  *Araj v. Kohut (In re Araj)*, 371 B.R. 240 (E.D. Mich. 2007).  The amount of the 2006 tax refund has not been stated by the parties in their pleadings in this adversary proceeding, or in any pleadings filed in the Debtors' bankruptcy case as far as this Court can ascertain.  Assuming the $900.00 at issue exceeds the pro rata portion of the 2006 tax refund, roughly two thirds of the total 2006 refund by this Court's calculations, the entire $900.00 transferred would be considered property of the estate and thus avoidable by the Trustee as a post-petition transfer under Section 549 of the Bankruptcy Code.

The Court has considered and rejects the case of *Taylor v. Burns*, 344 B.R. 523 (W.D. Ky. 2004) cited by Defendant in support of his position.  The Court concludes that this case is

---

[1]The legislative history surrounding the enactment of Section 348(f) in the Bankruptcy Reform Act of 1994 indicates that this subsection was added to overrule the holdings in those cases that held that property of the estate consisted of property acquired post-petition, but pre-conversion.  It was also noted that, in cases of bad faith, a safeguard subsection was added in Section 348(f)(2), which gives courts discretion to determine that property of the estate shall consist of all property held by the debtor at the time of conversion.  Specifically, this subsection was added to:

> clarify the Code to resolve a split in the case of law about what property is in the bankruptcy estate when a debtor converts from chapter 13 to chapter 7.  The problem arises because in chapter 13 (and chapter 12), any property acquired after the petition becomes property of the estate, at least until confirmation of a plan. Some courts have held that if the case is converted, all of this after-acquired property becomes part of the estate in the converted chapter 7 case, even though the statutory provisions making it property of the estate does [sic] not apply to chapter 7.  Other courts have held that the property of the estate in a converted case is the property the debtor had when the original chapter 13 petition was filed.

H.R. Rep. No. 103-835, at 57 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3366.

distinguishable from the precise issue before the Court because the tax refund at issue in that case derived solely from post-petition income and was, thus not property of the estate for that reason. Further, the other case cited by Defendant, *Cazares v. Morton (In re Stamm)*, 222 F.3d 216 (5th Cir. 2000), stands for the well-accepted proposition that post-petition, but pre-conversion wages earned by the debtor are not part of the Chapter 7 estate. In this case, the Trustee is advocating utilization of tax refunds derived from pre-petition, not post-petition wages, thus making the *Stamm* case inapplicable.

Conclusion

Based upon the undisputed facts of this case, the Court concludes there is no genuine issue of material fact, and based upon the Court's analysis of these facts as applied to the law, summary judgment in favor of the Plaintiff Trustee is appropriate assuming the pro rata portion of the 2006 tax refund is greater than the $900.00 sought. The Court thus grants the Trustee's motion for summary judgment upon that condition. To the extent the parties need to investigate the pro rata issue, discovery is allowed for a period of 35 days from the date of this Opinion. The Court shall conduct a hearing on ***Friday, October 9, 2009, at 1:30 p.m. in the U.S. Bankruptcy Courtroom, 111 First Street, Bay City, Michigan 48708*** to address any remaining issues.

The Court directs Plaintiff Trustee, as the prevailing party, to draft and submit an appropriate Order.

```
Signed on August 24, 2009
                                    /s/ Daniel S. Opperman
                              Daniel S. Opperman
                              United States Bankruptcy Judge
```